Turley, J.
delivered' the opinion of the court.
By the provisions of the constitution- of the State,, and the second section of an act passed. 1st December, 1835, to establish a supreme court, it is provided, that this court shall possess such appellate, and other jurisdiction* as belonged to the supreme court under the old constitution,, under such restrictions and regulations as may from time to time bo prescribed by law,
It iá admitted, that the jurisdiction of this casé, is HO,t appellate, but original, as the motion is only substituted in the place of an action on the case; but it is said, that the court heretofore had jurisdiction by express enactment. Let us examine whether this be so. The first statute which gave judgment on motion, in favor of securities, was passed in 1801, c. 15. The first section provides for judgments against the principal obligor Or obligors in favor of sureties, when the atoount of the judgment, or any part thereof, has been paid by them, to be entered in any court, or before any jurisdiction, where the judgment against them may have been rendered, 'Or within any other court or judicature in the State. The second section provides for the rendition of judgments in favor of security against security, where judgment may have been obtained against them and the principal obligor or obligors are insolvent, to be rendered on motion in the court of judicature where the original judgment was rendered. This statute does not give the court jurisdiction for two reasons. 1st. This motion does not fall under its provisions; the securities -do not move, under the first section, for judgment against’the principle obligor, Talbot. They cátanóf move for judgment uñdér the second section, because it is not legally shown that the original obligor is insolvent. 2nd. When the statute was passed, there was no court of errors and appeals' to which it could apply; all the courts of the State had original jurisdiction of the subject matter by action, áhd where a motion was substituted, it must of necessity have *17 been given to all, unless the legislature designed to diminish the jurisdiction of some. **
The second statute was passed in 1809, (chap. 69,) and the 1st section, provides for a judgment on motion, in favor of securities against their principals, upon the rendition óf a judgment against them, without having paid the whole or any part thereof; and the third section, for judgment in favor of securities against their co-securities, without showing the insolvency of the principal obligor. . These judgments are to be rendered before any jurisdiction having cognizance thereof. This statute would cover this case, provided it gave this court jurisdiction; but it does not. The difference of the wording of this statute, and that of 1801, in their description of the courts where the judgment on motion is to be rendered, is striking. The, act of 1801 says, “before any court or judicature in the State;” the act of 1809, “before any jurisdiction having cognizance thereof.” Why this variance? Because in 1801, all the courts had original jurisdiction. In 1809, the supreme court of errors and appeals, with only appellate jurisdiction as to matters -of law, was established; this was done by the act of that year, (c. 49,) previous to the passage of the act of the same year, (c. 69,) on which we are now commenting. It is therefore manifest, .that the general words of the act of 1801, c. 16, were not used, because it was not the intention to encumber the supreme court with this jurisdiction, but to leave it to the* courts, which, by the previously existing law, had cognizance thereof; to wit, a justice of the peace, if the amount were under fifty dollars, if over, to the county or circuit courts.
But if there could be any doubt upon a fair construction of these statutes, whether jurisdiction was given to the supreme court, of the things provided for by them, yet that jurisdiction is expressly taken away by the act of 182¾, c. 13, which says, “The supreme court shall not possess original jurisdiction in causes either in law or equity.”
To entertain this motion would be to assume that jurisdiction, which we have neither power nor inclination to do. Let it be overruled.
Motion overruled.